**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADAN URRUTIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 01356 |
| | ) | |
| BUENA VISTA RESTAURANT & BAR and JOSE GILES, | ) ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons set forth in the Statement section of this order, the defendants' motion to dismiss [15] is denied. On its own motion, however, the Court dismisses the plaintiff's complaint without prejudice. The plaintiff is granted leave to file an amended complaint within 28 days of this order.

## STATEMENT

The plaintiff, Adan Urrutia, brought this action alleging that the defendants, Buena Vista Restaurant & Bar and Jose Giles, violated the minimum and overtime wage provisions of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), as well as the earned wages provisions of the Illinois Wage Payment and Collection Act ("IWPCA"). The defendants filed an answer with counterclaims on May 28, 2014. Subsequently, on June 9, 2014, the defendants filed the instant motion, which is styled as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On June 12, 2014, the Court stayed Urrutia's response to the counterclaims and directed briefing to proceed on the defendants' motion.

The defendants contend that the Court should dismiss Urrutia's FLSA claims because the complaint does not adequately plead FLSA coverage, and that dismissal of those claims requires dismissal of the entire complaint since the FLSA claims provide the basis for the Court's exercise of supplemental jurisdiction over Urrutia's state law claims. In response to the defendants' motion, Urrutia argues: (1) that the motion is untimely as a Rule 12(b)(6) motion since it was filed after the defendants answered the complaint, (2) that the motion is untimely as a Rule 12(c) motion since Urrutia has not yet responded to the counterclaims and the pleadings thus have not closed, and (3) that Urrutia has adequately pleaded FLSA coverage.

The Court agrees with Urrutia that, as a technical matter, the defendants' motion is untimely, and therefore denies the motion. *See generally Shield Technologies Corp. v. Paradigm Positioning, LLC*, 908 F. Supp. 2d 914, 916-17 (N.D. Ill. 2012) (explaining the requirements of Rule 12(b)(6) and Rule 12(c) and denying a motion to dismiss or for judgment on the pleadings

as untimely since it was filed after the defendants answered the complaint but before the plaintiff answered the defendants' counterclaims). In the interest of avoiding unnecessary delay, however, on its own motion the Court will address the parties' substantive arguments relating to dismissal. *Accord id.* at 917 ("It would serve no purpose other than delay to postpone addressing the issues that the defendants raise in their motion while awaiting [the plaintiff's] response to their counterclaims."). *See generally Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (noting that a district court may dismiss an inadequate complaint *sua sponte* under Rule 12(b)6) to avoid delay).

To survive dismissal under Rule 12(b)(6), "a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption. *Adams*, 742 F.3d at 728.

As relevant here, the FLSA's minimum and overtime wage provisions apply to employees who are "engaged in commerce or in the production of goods for commerce" or who are "employed in an enterprise engaged in commerce[] or in the production of goods for commerce." 29 U.S.C. § 206(a); *id.* § 207(a)(1).[1] For purposes of the FLSA, "commerce" means "[interstate] trade, commerce, transportation, transmission, or communication." *Id.* § 203(b). An employee is deemed to have engaged in commerce if "the 'work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Jacoby v. Schimka Auto Wreckers, Inc.*, No. 10 C 1452, 2010 WL 3171515, at *3 (N.D. Ill. Aug. 11, 2010) (quoting *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955)). An employee is deemed to have engaged in the production of goods for commerce if, *inter alia*, he "was employed in . . . handling . . . such goods." 29 U.S.C. § 203(j). Finally, an enterprise qualifies as an "enterprise engaged in commerce or in the production of goods for commerce" if it:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or

---

[1] The defendants incorrectly assert in their motion that enterprise-based liability under the FLSA requires finding both that the employer is a qualifying enterprise engaged in interstate commerce and that the individual employee handled, sold, or otherwise worked with goods or materials that moved in or were produced for interstate commerce. *See* Motion to Dismiss, Dkt. 15, at 2. In fact, however, the statute sets out these bases of liability in the alternative. *See Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 295 & n.8 (1985) ("Employment may be covered under the Act pursuant to either 'individual' or 'enterprise' coverage. Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce or in the production of goods for interstate commerce. Enterprise coverage substantially broadened the scope of the Act to include any employee of an enterprise engaged in interstate commerce, as defined by the Act.").

otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

    (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

(B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or

(C) is an activity of a public agency.

*Id.* § 203(s)(1).

In light of these definitions, Uruttia has not adequately pleaded either individual-based or enterprise-based FLSA coverage. With respect to the former, the complaint does not adequately plead that Urrutia was an employee engaged in commerce or in the production of goods for commerce. The complaint states that Urrutia worked for the defendants as a "chef/kitchen staff member" at a Buena Vista Restaurant & Bar location and that he "handled goods that moved or that were intended to move in interstate commerce." Complaint, Dkt. 1, at 2-3. These allegations are insufficient to raise the inference that his work for the defendants was "directly and vitally related" to interstate commerce. Further, to the extent that the allegations suggest that he engaged in the production of goods for interstate commerce, they are entirely conclusory in nature. Thus, Urrutia has not adequately pleaded individual-based FLSA coverage.[2]

---

[2] The new factual allegations Urrutia included in his response do not alter this conclusion. The response states that Urrutia worked for the defendants "doing both kitchen work as a cook and construction work . . . as a general laborer," that he traveled across state lines to purchase some supplies for his work as a general laborer, and that he often placed phone orders for food supplies that moved in interstate commerce for his work as a cook. Response, Dkt. 20, at 6. The Court cannot presently consider the new allegations relating to Urrutia's work as a general laborer since they are not consistent with the allegations in the complaint, which stated that Urrutia worked as a "chef/kitchen staff member." *See Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752-53 (7th Cir. 2001). And the allegation that Urrutia sometimes ordered food for the restaurant says nothing about the origin of the food and whether the plaintiff's alleged orders put it into the stream of commerce. Urrutia's affidavit does not allege that the food was ordered from an out-of-state source, rather than an in-state wholesaler or even the local grocery store. *See* Exhibit C to Response, Dkt. 20-3, at 2. The new allegations fall short, therefore, of plausibly establishing that Urrutia was engaged in interstate commerce. *Cf. McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943) ("[H]andlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle

With respect to enterprise-based coverage, Urrutia has not alleged that Buena Vista Restaurant & Bar is an activity of a public agency or is engaged in the operation of a medical or educational institution. Therefore, for enterprise-based coverage to apply, Buena Vista Restaurant & Bar must meet the requirements of Section 203(s)(1)(A), including the requirement that it have at least $500,000 in annual gross sales or business. *See* 29 U.S.C. § 203(s)(1)(A)(ii). Since the complaint does not contain any allegations about the amount of Buena Vista Restaurant & Bar's sales or the scope of the business generally, the Court cannot accept as true Urrutia's conclusory allegation that the restaurant is a qualifying enterprise for FLSA purposes. Accordingly, Urrutia has not adequately pleaded enterprise-based FLSA coverage.

Given Urrutia's failure to adequately plead FLSA coverage, his FLSA claims are dismissed. Since the dismissal of those claims removes the basis for the Court's exercise of supplemental jurisdiction over his state law claims, Urrutia's remaining claims must also be dismissed.

***

For the reasons explained above, the Court denies the defendants' motion to dismiss, dismisses the complaint without prejudice on its own motion, and grants the plaintiff leave to file an amended complaint within 28 days of this order.

Date: December 29, 2014

John J. Tharp, Jr.
United States District Judge

---

goods after acquisition by a merchant for general local disposition are not."); *see also, e.g.*, *Arenas v. Truself Endeavor Corp.*, 2013 WL 271676, at *3 (N.D. Ill. Jan. 23, 2013) (finding allegations that the plaintiffs purchased cleaning supplies that had moved in interstate commerce insufficient to support individual-based FLSA liability because all such purchases had been made from in-state sources); *Russell v. Cont'l Rest., Inc.*, 430 F. Supp. 2d 521, 525 (D. Md. 2006) (finding the handling of goods which moved in interstate commerce insufficient to establish that a restaurant worker was engaged in interstate commerce for purposes of the FLSA).